## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH L. KEITH,
      Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
      Agency.

DOCKET NUMBER
DE-3443-18-0128-I-1

DATE: March 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Al Arendt, Esquire, Pierre, South Dakota, for the appellant.

Rachel Wieghaus, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of an alleged reduction in pay or grade, among other alleged personnel actions, for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant is a WS-7 Maintenance Mechanic Supervisor with the agency's Bureau of Indian Affairs. Initial Appeal File (IAF), Tab 1 at 8. In January 2018, he filed this appeal regarding three alleged personnel actions. *Id.* at 7. First, he alleged that he suffered a reduction in pay or grade because from May 2013 to May 2017 he performed as the Acting Facility Manager and did not have his pay or grade adjusted upward during that period. *Id.* at 8. Second, he alleged a denial of a within-grade increase (WIGI), although he provided no details regarding the allegation. *Id.* at 7. Third, he alleged that, in December 2017, the agency denied his request for reimbursement of a travel voucher. *Id.* at 7, 27. The appellant additionally included with his appeal a timeline of events concerning alleged discrimination based on his color, age, national origin, sex, and genetics, and his filing of complaints with the Equal Employment Opportunity Commission. *Id.* at 19-33.

The appellant argues that because he was "promoted" to Facility Manager, he should have received the pay associated with that position and asserts that he was "effectively demoted" when his detail ended. Petition for Review (PFR) File, Tab 1 at 5. However, he has acknowledged that he was only designated as the Acting Facility Manager until such time as the position of Facility Manager could be advertised and selected. IAF, Tab 1 at 6, 8. As the administrative judge

correctly found, an employee is only entitled to the rights and salary of the position to which he has been appointed by one having proper authority to do so. IAF, Tab 9, Initial Decision (ID) at 4; *see Julius v. Department of the Army*, 35 M.S.P.R. 130, 133 (1987), *aff'd*, 852 F.2d 1293 (Fed. Cir. 1988) (Table). The appellant has not alleged that his official position of record ever changed during the course of the events at issue. To the extent he alleges that his official position of record should have been changed to Facility Manager or Acting Facility Manager, the Board generally lacks jurisdiction to review an appellant's claim concerning the proper classification of his position, *Ellis v. Department of the Navy*, 117 M.S.P.R. 511, ¶ 10 (2012), or his nonselection for a promotion, *Harrell v. U.S. Postal Service*, 112 M.S.P.R. 492, ¶ 11 (2009). Accordingly, we find the appellant's argument to be without merit.[2]

On review, the appellant attaches two letters from his supervisor, dated May 9, 2017, and March 19, 2018, stating that she had designated him as the Acting Facility Manager. PFR File, Tab 1 at 17, Tab 2 at 6. The earlier of these letters was already a part of the record below. IAF, Tab 1 at 12. These letters do not warrant a different outcome in this appeal because, as discussed above, the appellant's official position of record never changed during his detail.

The appellant also argues on review, for the first time, that the agency proposed to suspend him and thereby effectively reduced his rate of basic pay. PFR File, Tab 1 at 4-5. He attaches to his petition for review a May 31, 2017 memorandum proposing to suspend him for 5 days. *Id*. at 7-16. In his pleading, the appellant states that the proposal was "eventually incorporated herein,"

─────────────────

[2] To the extent that the appellant argues that he suffered a constructive demotion, we clarify that to establish the Board's jurisdiction over such a claim, an appellant must nonfrivolously allege that: he was reassigned without a loss of grade or pay; his former position was upgraded; the upgrade resulted from a new or corrected classification standard; and he met the legal and qualification requirements for promotion to the upgraded position. *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶ 7 (2001). The appellant failed to allege that any of these elements are present. Thus, to the extent that he intended to argue that he was constructively demoted, we find that he failed to nonfrivolously allege the Board's jurisdiction over such a claim.

suggesting that the agency had, in fact, imposed the 5-day suspension. *Id.* at 5. At no point, however, does the agency state that it was reducing his rate of basic pay. *Id.* at 7-16.

The Board generally lacks jurisdiction over appeals of suspensions of 14 days or fewer. *Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 5 (2010). The Board may nonetheless adjudicate certain personnel actions it generally lacks jurisdiction over when an appellant files either an individual right of action appeal, *Eilinsfeld v. Department of the Navy*, 79 M.S.P.R. 537, 541 (1998), or an appeal under the Uniformed Services Employment and Reemployment Rights Act, *Bambl v. Department of the Treasury*, 113 M.S.P.R. 55, ¶ 9 (2010). The appellant has not filed such an appeal. Thus, even if the agency ultimately suspended the appellant for 5 days without pay, the Board is without jurisdiction to adjudicate the action as a suspension.

Employees have the right to appeal a reduction in pay. 5 U.S.C. §§ 7512(4), 7513(d). "Pay" is defined as "the rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4). For prevailing rate employees such as the appellant, IAF, Tab 1 at 6, the rate of basic pay means the scheduled rate of pay plus any night or environmental differential, 5 C.F.R. § 532.401. The appellant cites no authority for his argument that his suspension "effectively" reduced his rate of basic pay, PFR File, Tab 1 at 4-5, and we are aware of no authority for such a proposition. Accordingly, we find his argument to be without merit.

An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). However, the failure to provide an appellant with proper *Burgess* notice in an acknowledgment order or show cause order can be cured if the initial decision itself puts the appellant on notice of what he must do to establish jurisdiction so as to afford him the opportunity to meet his jurisdictional burden for the first time on review. *Milam v. Department of*

*Agriculture*, 99 M.S.P.R. 485, ¶ 10 (2005). Here, the administrative judge dismissed the appellant's WIGI denial claim for lack of jurisdiction, ID at 6, without first providing him proper jurisdictional notice on the claim, IAF, Tab 2. But the initial decision itself informed the appellant what he must do to establish the Board's jurisdiction over his claim, ID at 5-6, and therefore cured the error, *see Fleming v. Department of Labor*, 97 M.S.P.R. 341, ¶ 9 (2004). On review, the appellant still fails to meet his jurisdictional burden on his WIGI denial claim.[3] PFR File, Tabs 1-2.

In any event, the Board lacks jurisdiction over WIGI denials to prevailing rate, or wage grade, employees. *Hall v. Department of the Navy*, 73 M.S.P.R. 251, 253-54 (1997). As the administrative judge found, it is undisputed that the appellant is such an employee. ID at 6; IAF, Tab 1 at 1, 6, 8. Accordingly, the lack of jurisdictional notice did not prejudice the appellant's substantive rights. *See Labinski v. U.S. Postal Service*, 88 M.S.P.R. 125, ¶ 6 (2001) (finding that the lack of jurisdictional notice did not prejudice the appellant's substantive rights because the undisputed record evidence plainly showed that the Board did not have jurisdiction over the appeal).

Although not raised on review, we acknowledge that the appellant indicated in his initial appeal form that he filed a complaint with the Office of Special Counsel (OSC) on September 8, 2017. IAF, Tab 1 at 34. However, the appellant failed to provide the date of OSC's decision or termination of investigation, or attach copies of his complaint and OSC's termination of investigation letter, as requested in the initial appeal form. *Id.* He has provided no information about what his purported OSC complaint concerned. Neither below nor on review has

---

[3] Indeed, on review the appellant fails to even mention his claims regarding the WIGI denial, the unreimbursed travel voucher, or unlawful discrimination and retaliation for past equal employment opportunity activity, PFR File, Tabs 1-2, all of which claims the administrative judge found the Board lacked jurisdiction over, ID at 5-7. We see no reason to disturb these findings.

he provided any other indication that he intended to file this case as an individual right of action appeal.  Accordingly, we decline to adjudicate this case as such.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.